IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESTHER WILLIAMS**<br>1409 Delafield Place, N.W.<br>Washington, DC 20011<br><br>                    Plaintiff,<br><br>v.<br><br>**UNIVERSAL MUSIC GROUP, INC.**<br>10 Universal City Plaza<br>Universal City, CA 91608<br><br>Serve:<br><br>CT Corporation System<br>111 Eighth Avenue<br>New York, NY 10011<br><br>             Registered Agent<br><br>       and<br><br>**AMARU ENTERTAINMENT, INC.**<br>2850 Ocean Park Boulevard<br>Santa Monica, CA 90405<br><br>Serve:<br><br>Paul W. Glass<br>2850 Ocean Park Boulevard<br>Santa Monica, CA 90405<br><br>             Registered Agent<br><br>                    Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

1

COMES NOW, Esther Williams, by and through counsel, and in support of the Complaint respectfully states unto this Honorable Court as follows:

1. The Plaintiff ESTHER WILLIAMS (hereinafter referred to as the "Plaintiff"), is an individual, and adult citizen of the District of Columbia.

2. The Defendant UNIVERSAL MUSIC GROUP, INC., which also does business as Universal Music Group Recordings, Inc. and as Universal Music Corporation (hereinafter collectively referred to as "UMG"), is a corporation duly organized and existing under the laws of the State of New York, which is, and at all times pertinent hereto, actively engaged in the business of producing, distributing, selling and/or licensing the distribution and selling of sound recordings. At various times pertinent hereto, UMG has traded under several different trade names and distributed sound recordings under several different record labels including, but not limited to Def Jam Records, Island Music, Island Def Jam Music, Interscope Records, Geffen Records, Interscope, A&M Records, Interscope-Geffen-A&M, Universal Motown Records Group, Universal Music Classics Group, Universal Music Latino, Universal Music Group Nashville, Universal Records South and Verve Music Group. In the regular course of its business, UMG advertises, promotes and sells its products in Washington, DC., and has done so continuously throughout all times pertinent hereto.

3. The Defendant AMARU ENTERTAINMENT, INC. (hereinafter "Amaru") is an entertainment company which owns and/or represents the music created by Tupac Shakur. Defendant Amaru is a corporation duly organized and existing under the laws of the State of New York. Amaru is engaged in the business of producing sound recordings, and distributing, selling and/or licensing the distribution and selling of sounds recordings. In the regular course of its business, Amaru advertises, promotes and sells its products in Washington, DC., and has done so

continuously throughout all times pertinent hereto.

## FACTUAL ALLEGATIONS

4. The Plaintiff has been an internationally known singer for over thirty years whose music has been licensed and published all over the world. She is the co-founder of the Washington Jazz Arts Institute, a non-profit organization dedicated to the preservation and education of jazz music in the Washington, DC area.

5. In 1975, the Plaintiff began work as a vocalist on her first album (hereinafter referred to as "LP"), "Let Me Show You," which included the song, "Last Night Changed It All" and which was recorded on the "Bullseye Records (hereinafter referred to as "Bullseye") label, with Friends and Company and Dammit Publishing involved in the production.

6. The Plaintiff's first LP "Let Me Show You" was released in 1976.

7. During her work at Bullseye, the Plaintiff gave live performances in New York, Miami and New Jersey and received performance fees for such performances.

8. The Plaintiff retains the copyright in the master recording of "Last Night Changed It All." The Plaintiff has complied with all laws pertinent to copyrighting the master recording of "Last Night Changed It All."

9. Effective January 17, 2006, the Plaintiff received a renewal registration from the U.S. Copyright Office for her LP "Let Me Show You" (Attached as Exhibit 1). The song titled, "Last Night Changed It All," appears on the album.

10. The Plaintiff has established a pattern of exercising her rights in the sound recording by negotiating licensing agreements with other prominent artists within the industry.

11. On or about 2005, the Plaintiff discovered a song by Ghostface Killah, a rap artist, who

had sampled the Plaintiff's copyrighted sound recording titled "Last Night Changed it All" without her authorization.

12. The unauthorized sampling, referred to in the preceding paragraph of this complaint, occurred in "Last Night Skit", a track on the Ghostface Killah's "Pretty Toney" Compact Disc recording (hereinafter referred to as "CD") which was released on April 20, 2004. The CD jacket erroneously credits the Plaintiff's performance to "Esther Philips courtesy of Robinson Music Group."

13. Neither Ghostface Killah nor his representatives contacted the Plaintiff before or after the release of the CD to seek permission to sample the sound recording.

14. The CD jacket acknowledges that "Last Night Skit" contains samples from "Last Night Changed It All."

15. The Ghostface Killah track, "Last Night Skit" uses the Plaintiff's master recording for approximately 51 seconds in a song that is 2 minutes and 31 seconds in length.

16. The titles "Last Night Changed it All" and "Last Night Skit" are very similar.

17. The songs "Last Night Changed it All" and "Last Night Skit" have a similar structure and meaning.

18. According to Soundscan, the company that provides information on record sales to Billboard, the Pretty Toney CD sold 223,914 copies.

19. Because the Plaintiff is internationally recognized as the copyright holder of the song, "Last Night Changed it All," several artists who have sampled the Plaintiff's song, "Last Night Changed It All," have contacted the Plaintiff directly to receive her permission to sample the master recording.

20. Island Def Jam Music Group is, and at all times relevant hereto, was the recording label for Ghostface Killah.

21. Island Def Jam Music Group is a wholly owned subsidiary or division of UMG.

22. The Plaintiff has also discovered that another rap artist, Tupac Shakur, without authorization, sampled the Plaintiff's song "Last Night Changed It All" on his recording titled, "Late Night" which appeared on the "Better Dayz" album released on November 26, 2002 on Interscope Geffen A&M Records.

23. The unauthorized sampling referred to in the preceding paragraph of this complaint is extensive.

24. Amaru retains ownership of Tupac Shakur's music.

25. No representative from Amaru contacted Plaintiff before or after the release of the "Better Dayz" album to seek permission to sample the sound recording.

## JURISDICTION AND VENUE

26. This is a civil action seeking damages for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*.

27. This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1331 and 1338(a).

28. This Court has personal jurisdiction over the Defendants because 1) UMG and Amaru do continuous and systematic business in the District of Columbia, 2) UMG and Amaru sell records in the District of Columbia 3) both Defendants have also transacted business within the District of Columbia and contracted to supply goods or services in the District of Columbia in connection with the matters giving rise to this suit, 4) both Defendants have also committed infringing acts inside of

the District of Columbia causing injury to Plaintiff in the District of Columbia, 5) both Defendants regularly do or solicit business in Washington, DC, and/or derive substantial revenue from goods used or services rendered in Washington, DC, 6) both Defendants derive substantial revenue from interstate commerce and 7) both Defendants can be presumed to reasonably expect their infringing conduct to have consequences in Washington, DC.

29. Venue is proper in this District pursuant to 28 U.S.C.  1391(b) and ( c) and 1400 (a) because the Defendants conduct business in this District and a substantial part of the events giving rise to Plaintiff s claims occurred in this District.

COUNT I
(Copyright Infringement)

30. The Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 29 of this complaint.

31. Through their conduct averred herein, Defendants have infringed the Plaintiff s copyright in the Copyrighted Sound Recording referred to herein by reproducing, adapting, distributing, and/or publicly performing audio and/or audiovisual works embodying the copyrighted material without authorization in violation of Sections 106, 115, and 501 of the Copyright Act. 17 U.S.C.  106, 115 and 501. Defendants allowed the infringement to occur, and they had an obvious and direct pecuniary interest in exploiting the copyrighted sound recording. Accordingly, Defendants are liable for direct, contributory and vicarious infringement.

32. Neither UMG nor Amaru have received permission from the Plaintiff, the lawful copyright holder of the master recording of  Last Night Changed it All,  to sample said recording.

33. Each individual sale of product containing unauthorized samples of Plaintiff s copyrighted sound recording constitutes a separate and distinct act of infringement by the

Defendants.

34. Defendants acts of infringement have been willful, intentional, and purposeful. By reason of the infringement, Plaintiff has sustained and will continue to sustain substantial injury, loss and damage to her rights in the Copyrighted Sound Recording.

35. As a direct and proximate result of Defendants infringement of the Plaintiff s exclusive rights under copyright, the Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. 504 ) for each work infringed in the amount of $150,000 or for such other amounts that may be proper under 17 U.S.C. 504 ). Alternatively, at the Plaintiff s election, pursuant to 17 U.S.C. 504(b), the Plaintiff shall be entitled to her actual damages plus Defendants profits from infringement, as will be proven at trial. If necessary, the Plaintiff will seek leave to amend this complaint to state the full amount of such damages and profits when such damages have been ascertained.

36. The Plaintiff is entitled to her costs, including reasonable attorneys fees pursuant to 17 U.S.C. 505.

37. The Defendants conduct is causing and, unless enjoined by this Court, will continue to cause the Plaintiff great and irreparable injury that cannot be fully compensated or measured in money damages. The Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. 502, the Plaintiff is entitled to a permanent injunction requiring the Defendants to employ reasonable methodologies to prevent or limit infringement of the Plaintiff s Copyrights.

COUNT TWO
(False Light)

38. The Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 37 of this complaint.

39. Ghostface Killah's track, "Last Night Skit," contains extremely graphic sexual and violent language. Because the Plaintiff's voice, via the master recording, is sampled, the impression is given to the listener that she condones and agrees with the degrading messages and lyrics. Despite the lewd lyrics of the Ghostface Killah version, "Last Night Changed it All" is a song about female independence and breaking away from the bondage of overbearing men. "Last Night Skit" turns this message on its head by using vulgar and graphic language to insult the woman who is not returning the man's phone calls.

40. When Ghostface Killah and Tupac Shakur sampled songs belonging to the Plaintiff, she suffered embarrassment, and mental and emotional distress.

41. The language used by Ghostface Killah and Tupac Shakur in their music is highly offensive to Plaintiff. Given the highly offensive language in their music, the Plaintiff would not have given permission to sample her master recording.

42. Because the Plaintiff has been recognized in the musical community for many years, she is well known for her song, "Last Night Changed it All."

43. The Plaintiff's reputation has been compromised as a result of the unauthorized use of her voice in the Ghostface Killah song, "Last Night Skit."

44. By reason of the False Light herein alleged, the Plaintiff requests damages in the amount of $10,000,000.

## COUNT THREE
(Right of Publicity)

45. The Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 44 of this complaint.

46. The Plaintiff's voice in "Last Night Skit" is very recognizable.

47. Plaintiff has licensed her music to many well-known individuals within the music industry and she is a well-known figure in the international music community.

48. The Plaintiff has a clearly established pecuniary interest in the marketing and distribution of recordings of her voice.

49. Both Defendants commercially exploited the Plaintiff's identity by reproducing and distributing sound recordings of her voice without authorization from the Plaintiff.

50. By reason of the violation of the Right of Publicity herein alleged, the Plaintiff requests damages in the approximate amount of $10,000,000.

**WHEREFORE,** the Plaintiff prays:

1. For a declaration that Defendants willfully infringed on Plaintiff's copyrights.

2. That this Honorable Court award the Plaintiff costs and reasonable attorneys fees pursuant to 17 U.S.C. 505.

3. For a permanent injunction requiring that Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each of any of them, cease directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting and inducing or participating in the infringement of, any of Plaintiff's respective copyrights or exclusive rights protected by the Copyright Act, whether now in existence or hereafter created.

4. For statutory damages pursuant to 17 U.S.C. 504( c ). Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. 504(b), for actual damages plus Defendants' profits from infringement, as will be proven at trial.

5. That Defendants be found liable for direct, contributory and/or vicarious infringement.

6. That Defendants be ordered to submit to an accounting so that all gains, sales and profits by Defendants from each of their acts, may be determined.

7. For pre- and post-judgment interest according to law.

8. For damages related to Plaintiff s claim for False Light.

9. For damages related to Plaintiff s claim for violation of the Right of Publicity.

10. That this Honorable Court grant such other and further relief as is just and proper.

REQUEST FOR JURY TRIAL

The Plaintiff hereby requests a trial by jury as to all issues.

Respectfully Submitted,

*Bradley A. Thomas*

_____
Bradley A. Thomas, Unified Bar No. 362656
The Law Offices of BRADLEY A. THOMAS
1629 K Street, N.W
Suite 300
Washington, DC 20006-1631
(202) 289-7574
(202) 289-5055 (facsimile)

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS
ESTHER WILLIAMS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

BRADLEY A. THOMAS
1629 K STREET, NW, SUITE 300
WASHINGTON, DC 20006-1631
(202) 289-7574

### DEFENDANTS
UNIVERSAL MUSIC GROUP, INC.
AMARU ENTERTAINMENT, INC.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) __NEW YORK__
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

● **E. General Civil (Other)**        OR        ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☒ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
17 U.S.C. Sec. 101 et seq.. Defendants infringed Plaintiff's rights under the Copyright Act of 1909 by unauthorized sampling of her sound recording.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 50,000,000.00   Check YES only if demanded in complaint   JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 04-19-2007   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.