IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTHER WILLIAMS,<br><br>　　　　　　　　　　*Plaintiff,*<br><br>- against -<br><br>UNIVERSAL MUSIC GROUP, INC.<br><br>and<br><br>AMARU ENTERTAINMENT, INC.,<br>　2850 Ocean Park Blvd., Suite 300<br>　Santa Monica, California 90405<br><br>　　　　　　　　　　*Defendants.* | Case No.: 1:07-CV-00714 (JDB) |

**ANSWER WITH AFFIRMATIVE DEFENSES OF
<u>DEFENDANT AMARU ENTERTAINMENT, INC.</u>**

Defendant AMARU ENTERTAINMENT, INC. ("Defendant"), by and through its attorneys, Cozen O'Connor, responds to the Complaint of Plaintiff ESTHER WILLIAMS ("Plaintiff"), filed with this Honorable Court on April 19, 2007 (the "Complaint"), as follows:

1.　Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint, and therefore denies same.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint, and therefore denies same.

3. Defendant denies the allegations contained in paragraph "3" of the Complaint, except admits that it is a company which presently owns or controls some of the intellectual property of the late Tupac Shakur, and from time to time licenses same to third parties.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint, and therefore denies same.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint, and therefore denies same. However, Defendant admits that a song entitled "Last Night Changed It All" was recorded as a work for hire on the Bullseye Records label with the assistance of Friends and Company.

6. Defendant denies the allegations contained in paragraph "6" of the Complaint except admits that an album entitled "Let Me Show You" was released by the Friends and Company record label in 1976.

2

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint, and therefore denies same.

8. Defendant denies the allegations contained in paragraph "8" of the Complaint.

9. Defendant denies the allegations contained in paragraph "9" of the Complaint except admits that on or about January 17, 2006 the U.S. Copyright Office issued a renewal registration based on a "Form RE" submitted by Plaintiff for the album entitled "Let Me Show You," without admission as to the effectiveness or validity of said renewal registration. Defendant further denies that there is any exhibit annexed to the Complaint as Exhibit "1."

10. Defendant denies the allegations contained in paragraph "10" of the Complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint, and therefore denies same.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint, and therefore denies same.

NEWYORK_MIDTOWN\622604\1 199254.000

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint, and therefore denies same.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "14" of the Complaint, and therefore denies same.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint, and therefore denies same.

16. Defendant denies the allegation contained in paragraph "16" of the Complaint and rejects the Plaintiff's intent to confuse the trier of fact as to the relevant inquiry in cases involving claims of copyright infringement of sound recordings.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "17" of the Complaint, and therefore denies same.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "18" of the Complaint, and therefore denies same. Furthermore, the allegation fails to define a timeframe for the alleged record sales information contained in paragraph "18" of the Complaint.

NEWYORK_MIDTOWN\622604\1 199254.000

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint, and therefore denies same.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "20" of the Complaint, and therefore denies same.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint, and therefore denies same.

22. Defendant denies the allegations contained in paragraph "22" of the Complaint, except admits that a recording entitled "Late Night" appears on the album "Better Dayz," which album was commercially released and distributed to the public by Interscope Records, Inc. on November 26, 2002.

23. Defendant denies the allegation contained in paragraph "23" of the Complaint.

24. Defendant denies the allegation contained in paragraph "24" of the Complaint. Defendant affirmatively states that it owns or controls an interest in certain of Tupac Shakur's musical compositions.

NEWYORK_MIDTOWN\622604\1 199254.000

25. Defendant denies the allegations contained in paragraph "25" of the Complaint.

## JURISDICTION AND VENUE

26. The allegation contained in paragraph "26" of the Complaint is a legal conclusion or statement to which no response is necessary.

27. The allegations contained in paragraph "27" of the Complaint are legal conclusions or statements to which no response is necessary. However, to the extent a response is required, Defendant solely admits that the referenced statutes relate to the inquiry concerning subject matter jurisdiction in the federal courts generally.

28. Defendant Amaru is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Complaint, and therefore denies same. For the sake of clarity, Defendant denies that personal jurisdiction is appropriate in this District.

29. The allegations contained in paragraph "29" of the Complaint are legal conclusions or statements to which no response is necessary. However, to the extent a response is required, Defendant denies that venue is appropriate in this District.

NEWYORK_MIDTOWN\622604\1 199254.000

## COUNT I
### (Copyright Infringement)

30. In response to the allegations contained in paragraph "30" of the Complaint, Defendant repeats, reiterates, and realleges each and every response set forth in paragraphs "1" through "29" above as if fully set forth at length herein.

31. Defendant denies the allegations contained in paragraph "31" of the Complaint.

32. Defendant denies the allegations contained in paragraph "32" of the Complaint. Furthermore, Defendant denies that Plaintiff is the "lawful copyright holder of the master recording of 'Last Night Changed It All.'"

33. The allegation contained in paragraph "33" of the Complaint is a legal conclusion or statement to which no response is necessary. However, to the extent a response is required, Defendant denies the allegation contained in paragraph "33" of the Complaint.

34. Defendant denies the allegations contained in paragraph "34" of the Complaint. Furthermore, Defendant denies that Plaintiff has any copyright interest in the work "Last Night Changed It All." In addition, Defendant denies that Plaintiff has sustained any injury by virtue of Defendant's alleged sampling of the work "Last Night Changed It All."

NEWYORK_MIDTOWN\622604\1 199254.000

35. The allegations contained in paragraph "35" of the Complaint are legal conclusions or statements to which no response is necessary. However, to the extent a response is required, Defendant denies the allegations contained in paragraph "35" of the Complaint in their entirety as an inaccurate statement of the law. Defendant further states that Plaintiff is not entitled to statutory damages as a matter of law.

36. The allegation contained in paragraph "36" of the Complaint is a legal conclusion or statement to which no response is necessary. However, to the extent a response is required, Defendant denies the allegation contained in paragraph "36" of the Complaint.

37. Defendant denies the allegations contained in paragraph "37" of the Complaint.

COUNT II
(False Light)

38. In response to the allegations contained in paragraph "38" of the Complaint, Defendant repeats, reiterates, and realleges each and every response set forth in paragraphs "1" through "37" above as if fully set forth at length herein.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Complaint, and therefore denies same.

NEWYORK_MIDTOWN\622604\1 199254.000

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the Complaint, and therefore denies same.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the Complaint, and therefore denies same. In addition, however, without admitting use, Defendant denies that it would have needed Plaintiff's permission to sample the recording "Last Night Changed It All" recorded while the Plaintiff was under contract with Bullseye Records and Friends & Co.

42. Defendant denies the allegation contained in paragraph "42" of the Complaint.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the Complaint, and therefore denies same.

44. The allegation contained in paragraph "44" of the Complaint is a monetary demand to which no response is necessary. However, to the extent one is required, Defendant denies that any damages, monetary or otherwise, are due to Plaintiff.

NEWYORK_MIDTOWN\622604\1 199254.000

## COUNT III
### (Right of Publicity)

45. In response to the allegations contained in paragraph "45" of the Complaint, Defendant repeats, reiterates, and realleges each and every response set forth in paragraphs "1" through "44" above as if fully set forth at length herein.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of the Complaint, and therefore denies same.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "47" of the Complaint, and therefore denies same.

48. Defendant denies the allegation contained in paragraph "48" of the Complaint.

49. Defendant denies the allegations contained in paragraph "49" of the Complaint.

50. The allegation contained in paragraph "50" of the Complaint is a monetary demand to which no response is necessary. However, to the extent one is required, Defendant denies that any damages, monetary or otherwise, are due to Plaintiff.

## AS AND TO THE RELIEF DEMANDED

51.     Defendant asserts that Plaintiff is not entitled to any of the relief demanded.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

52.     The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

53.     Plaintiff lacks standing to assert the claims contained in her Complaint.

54.     Plaintiff recorded the track "Last Night Changed It All" (the "Work") as a work for hire under the terms of an exclusive recording agreement between Plaintiff and Friends & Co., a division of Bullseye Records, Inc. (hereinafter, "Bullseye") dated December 19, 1975, assigning all of her rights, title and interest in and to the Work to Bullseye.

55.     Therefore, Plaintiff has no legal basis for filing copyright registrations for the Work, including without limitation, the renewal copyright registration (RE 928-929) issued for the Work.  Renewal registration number RE 928-929 has been assigned to the Work by the United States Copyright Office (the "Renewal Registration").

56.     Plaintiff has no legal basis to maintain the Renewal Registration.

57.     Plaintiff lacks standing to maintain the claims asserted by her in the Complaint in that she has no right to the ownership or copyright in and to the Work.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

58.   Plaintiff's claims are barred, in whole or in part, by the statute of limitations as provided for at 17 U.S.C. § 101, *et seq.*

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

59.   Plaintiff's claims are barred, in whole or in part, by virtue of a license.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

60.   Plaintiff's claims are barred, in whole or in part, under the doctrine of waiver.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

61.   Plaintiff's claims are barred, in whole or in part, by virtue of Plaintiff's fraud on the copyright office.

62.   Plaintiff knowingly and willfully filed an application for a United States Copyright Renewal Registration for the Work, knowing that she did not have any right, title or interest in or to the Work.

63.   Plaintiff fraudulently filed the Renewal Registration in an attempt to fraudulently maintain the instant action against Defendant.

64.   Defendant separately seeks a declaration of cancellation for the Renewal Registration.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

65. Plaintiff's claims are barred, in whole or in part, by virtue of a misuse of copyright.

66. Plaintiff fraudulently filed the Renewal Registration with full knowledge that she did not have the legal basis to do so in an attempt to misuse the copyright so as to maintain the instant litigation.

67. As a result of Plaintiff's misuse of copyright, Defendant has been damaged.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

68. Plaintiff's claims are barred, in whole or in part, under the doctrine of estoppel.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

69. Plaintiff's claims are barred, in whole or in part, under the doctrine of laches.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

70. Plaintiff's claims are barred, in whole or in part, on the grounds of fair use.

NEWYORK_MIDTOWN\622604\1 199254.000

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

71. Plaintiff's claims for equitable/injunctive relief are barred, in whole or in part, because Plaintiff has not suffered, and will not suffer, irreparable harm.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

72. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not incurred or sustained any damages as alleged, or if any such damages were incurred or sustained, they were *de minimis*.

73. Moreover, Plaintiff's claims for compensatory damages have no basis in fact or in law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

74. Venue is improper in the District of Columbia.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

75. Plaintiff's claim for statutory damages pursuant to 17 U.S.C. § 504 (c) is barred as a matter of law.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

76. Plaintiff has failed to join other indispensable parties and, therefore, complete relief may not be accorded to those who are already parties to this action and Plaintiff's possible failure to join all indispensable parties may result in prejudice.

**WHEREFORE**, Defendant respectfully requests that judgment be entered in its favor and against Plaintiff, that Plaintiff's Renewal Registration be cancelled and that Defendant be awarded its actual and reasonable costs, attorneys' fees and such other, different and further relief as the Court deems to be just and equitable.

Dated: May 30, 2007
      Washington, D.C.

                              Respectfully submitted,

                              COZEN O'CONNOR

                              *Attorneys for Defendant*
                              *Amaru Entertainment, Inc.*

                              By: _____/s/_____
                                L. Barrett Boss (DC Bar No. 398100)

                              1627 "I" Street, NW, Suite 1100
                              Washington, D.C., 20006
                              Telephone: 202.912.4818
                              Facsimile: 866.413.0172
                              BBoss@cozen.com

*Of Counsel:*

Donald N. David*
Brian A. Bloom*
COZEN O'CONNOR.
909 Third Avenue, 17th Floor
New York, New York 10022
Telephone: 212.509.9400
Facsimile: 212.207.4938

* - District of Columbia applications for admission to be heard on July 2, 2007.