### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTHER WILLIAMS,<br><br>*Plaintiff,*<br><br>- against -<br><br>UNIVERSAL MUSIC GROUP, INC.<br>2220 Colorado Avenue<br>Santa Monica, California 90404<br><br>and<br><br>AMARU ENTERTAINMENT, INC.,<br><br>*Defendants.* | Case No.: 1:07-CV-00714 (JDB) |

### ANSWER WITH AFFIRMATIVE DEFENSES OF
### <u>DEFENDANT UMG RECORDINGS, INC.</u>

Defendant UMG RECORDINGS, INC. (incorrectly named as UNIVERSAL MUSIC GROUP, INC.) ("Defendant"), by and through its attorneys, Akerman Senterfitt LLP, responds to the Complaint of Plaintiff ESTHER WILLIAMS ("Plaintiff"), filed with this Honorable Court on April 19, 2007 (the "Complaint"), as follows:

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint, and therefore denies same.

2.      Defendant is a corporation duly authorized and existing under the laws of the State of Delaware.  Defendant admits that at all times pertinent hereto, it was actively engaged in the business of selling and/or licensing the distribution and selling of sound recordings.

Defendant further admits that at various times pertinent hereto, it has traded under several different trade names including, but not limited to Def Jam Records, Island Records, Interscope Records, Geffen Records, A&M Records, the Universal Motown Records Group, the Universal Music Classics Group, Universal Music Latino, Universal Music Group Nashville, Universal Records South and the Verve Music Group.  Defendant further admits that, in the regular course of its business, it advertises, promotes and sells its products in Washington, D.C. and has done so continuously throughout all times pertinent hereto.  Except as expressly admitted herein, Defendant denies the allegations contained in paragraph "2" of the Complaint.

3.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint, and therefore denies same.

4.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint, and therefore denies same.

5.     Defendant admits that a song entitled "Last Night Changed It All" was recorded by Plaintiff for the Bullseye Records label.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "5" of the Complaint, and therefore denies same.  .

6.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint, and therefore denies same.

7.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint, and therefore denies same.

8.      Defendant denies the allegations contained in paragraph "8" of the Complaint.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint, and therefore denies same.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint, and therefore denies same.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint, and therefore denies same.

12.     Defendant denies the allegations contained in paragraph "12" of the Complaint, except admits that the Compact Disc entitled "Pretty Tony" was released on April 20, 2004, which liner notes contains an unintentional typographical and clerical error identifying the licensed sample, which sample was licensed by Defendant for use in the track "Last Night Skit."

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint, and therefore denies same.

14.     Defendant admits the allegation contained in paragraph "14" of the Complaint.

15.     To the extent that paragraph "15" alleges that the Plaintiff is the owner of the master recording entitled "Last Night Changed It All", Defendant denies same. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "15" of the Complaint, and therefore denies same.

16.     Defendant denies the allegation contained in paragraph "16" of the Complaint.

17.     Defendant denies the allegation contained in paragraph "17" of the Complaint.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "18" of the Complaint, and therefore denies same. Furthermore, the allegation fails to define a timeframe for the alleged record sales information contained in paragraph "18" of the Complaint.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint, and therefore denies same.

20.     Defendant admits the allegation contained in paragraph "20" of the Complaint.

21.     Defendant avers that the Island Def Jam Music Group is a division of UMG Recordings, Inc. Except as expressly admitted herein, Defendants denies each and every allegation contained in paragraph "21" of the Complaint.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint, and therefore denies same.

23.     Defendant denies the allegation contained in paragraph "23" of the Complaint.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Complaint, and therefore denies same.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Complaint, and therefore denies same.

## JURISDICTION AND VENUE

26.     The allegation contained in paragraph "26" of the Complaint is a legal conclusion or statement to which no response is necessary.

27.     The allegations contained in paragraph "27" of the Complaint are legal conclusions or statements to which no response is necessary.  However, to the extent a response is required, Defendant solely admits that the referenced statutes relate to the inquiry concerning subject matter jurisdiction in the federal courts generally.

28.     Defendant denies that it has committed infringing acts inside of the District of Columbia causing injury to Plaintiff in the District of Columbia.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in paragraph "28" of the Complaint, and therefore denies same. For the sake of clarity, Defendant denies that personal jurisdiction is appropriate in this District.

29.    The allegations contained in paragraph "29" of the Complaint are legal conclusions or statements to which no response is necessary. However, to the extent a response is required, Defendant denies that venue is appropriate in this District.

<u>**COUNT I**</u>
**(Copyright Infringement)**

30.    In response to the allegations contained in paragraph "30" of the Complaint, Defendant repeats, reiterates, and realleges each and every response set forth in paragraphs "1" through "29" above as if fully set forth at length herein.

31.    Defendant denies the allegations contained in paragraph "31" of the Complaint.

32.    Defendant denies the allegations contained in paragraph "32" of the Complaint.

33.    The allegation contained in paragraph "33" of the Complaint is a legal conclusion or statement to which no response is necessary. However, to the extent a response is required, Defendant denies the allegation contained in paragraph "33" of the Complaint.

34.    Defendant denies the allegations contained in paragraph "34" of the Complaint.

35.    The allegations contained in paragraph "35" of the Complaint are legal conclusions or statements to which no response is necessary. However, to the extent a response is required, Defendant denies the allegations contained in paragraph "35" of the Complaint in their entirety.

36.    The allegation contained in paragraph "36" of the Complaint is a legal conclusion or statement to which no response is necessary.  However, to the extent a response is required, Defendant denies the allegation contained in paragraph "36" of the Complaint.

37.    Defendant denies the allegations contained in paragraph "37" of the Complaint.

<u>**COUNT II**</u>
**(False Light)**

38.    In response to the allegations contained in paragraph "38" of the Complaint, Defendant repeats, reiterates, and realleges each and every response set forth in paragraphs "1" through "37" above as if fully set forth at length herein.

39.    Defendant denies the allegations contained in paragraph "39" of the Complaint.

40.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the Complaint, and therefore denies same.

41.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the Complaint, and therefore denies same.

42.    Defendant denies the allegation contained in paragraph "42" of the Complaint.

43.    Defendant denies the allegation contained in paragraph "43" of the Complaint.

44.    The allegation contained in paragraph "44" of the Complaint is a monetary demand to which no response is necessary.  However, to the extent one is required, Defendant denies that any damages, monetary or otherwise, are due to Plaintiff.

## COUNT III
### (Right of Publicity)

45.     In response to the allegations contained in paragraph "45" of the Complaint, Defendant repeats, reiterates, and realleges each and every response set forth in paragraphs "1" through "44" above as if fully set forth at length herein.

46.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of the Complaint, and therefore denies same.

47.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "47" of the Complaint, and therefore denies same.

48.     Defendant denies the allegation contained in paragraph "48" of the Complaint.

49.     Defendant denies the allegations contained in paragraph "49" of the Complaint.

50.     The allegation contained in paragraph "50" of the Complaint is a monetary demand to which no response is necessary.  However, to the extent one is required, Defendant denies that any damages, monetary or otherwise, are due to Plaintiff.

**AS AND TO THE RELIEF DEMANDED**

51.    Defendant asserts that Plaintiff is not entitled to any of the relief demanded.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

52.    The Complaint fails to state a claim upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

53.    Plaintiff lacks standing to assert the claims contained in her Complaint.

54.    Plaintiff recorded the track "Last Night Changed It All" (the "Work") as a work for hire under the terms of an exclusive recording agreement between Plaintiff and Friends & Co., a division of Bullseye Records, Inc. (hereinafter, "Bullseye") dated December 19, 1975, assigning all of her rights, title and interest in and to the Work to Bullseye.

55.    Defendant is informed and believes that Bullseye has not transferred or assigned any of its rights, title and interest in and to the Work to Plaintiff.

56.    Therefore, Plaintiff has no legal basis for filing or maintaining any copyright registration for the Work.

57.    Plaintiff lacks standing to maintain the claims asserted by her in the Complaint in that she has no right to the ownership or copyright in and to the Work.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

58.    Plaintiff's claims are barred, in whole or in part, by the statute of limitations as provided for at 17 U.S.C. § 101, *et seq*.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

59.    Plaintiff's claims are barred, in whole or in part, by virtue of a license.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

60.    Plaintiff's claims are barred, in whole or in part, under the doctrine of waiver.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

61.    Plaintiff's claims are barred, in whole or in part, by virtue of Plaintiff's fraud on the copyright office.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

62.    Plaintiff's claims are barred, in whole or in part, by virtue of a misuse of copyright.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

63.    Plaintiff's claims are barred, in whole or in part, under the doctrine of estoppel.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

64.    Plaintiff's claims are barred, in whole or in part, under the doctrine of laches.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

65.     Plaintiff's claims are barred, in whole or in part, on the grounds of fair use.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

66.     Venue is improper in the District of Columbia.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

67.     Plaintiff has failed to join other indispensable parties and, therefore, complete

relief may not be accorded to those who are already parties to this action and Plaintiff's possible

failure to join all indispensable parties may result in prejudice.

**WHEREFORE**, Defendant respectfully requests that judgment be entered in its favor and against Plaintiff, that Plaintiff's Renewal Registration be cancelled and that Defendant be awarded its actual and reasonable costs, attorneys' fees and such other, different and further relief as the Court deems to be just and equitable.

Dated: July 20, 2007
        Washington, D.C.

                       Respectfully submitted,

                       **AKERMAN SENTERFITT LLP**

                       *Attorneys for Defendant*
                        *UMG Recordings, Inc.,*
                          *erroneously sued herein as Universal Music Group, Inc.*

                       By: _____/s/_____
                           Lisa J. Savitt (DC Bar No. 434559)

                           801 Pennsylvania Avenue, NW
                           Suite 600
                           Washington, D.C.  20004
                           Telephone: (202) 824-1729
                           E-mail: lisa.savitt@akerman.com

*Of Counsel:*

Donald N. David*
Brian A. Bloom*
AKERMAN SENTERFITT LLP
335 Madison Avenue, Suite 2600
New York, New York 10017
Telephone: 212.880.3800
Facsimile:  212.880.8965

* - Admitted *Pro Hac Vice* in this action.