LISA J. SAVITT, DC Bar No. 434559
**AKERMAN SENTERFITT LLP**
801 Pennsylvania Avenue N.W., Suite 600
Washington, DC 20004
Telephone: (202) 824-1729
Facsimile: (202) 585-6203

DONALD N. DAVID, *pro hac vice*
BRIAN A. BLOOM, *pro hac vice*
**AKERMAN SENTERFITT LLP**
335 Madison Avenue, Suite 2600
New York, New York 10017
Telephone: (212) 880-3856
Facsimile: (212) 905-6410

*Attorneys for Defendants*
 *Universal Music Group, Inc. and*
 *Amaru Entertainment, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| ESTHER WILLIAMS, <br><br> *Plaintiff,* <br><br> -against- <br><br><br> UNIVERSAL MUSIC GROUP, INC., AMARU ENTERTAINMENT, INC., BULLSEYE RECORDS, INC., and ROBERT B. CURRINGTON, <br><br><br> *Defendants.* | Civil Action No. 07 CV. 00714 (JDB) <br><br> **DEFENDANTS UMG AND AMARU'S RULE 26(a) INITIAL DISCLOSURES** <br><br> Honorable John D. Bates, U.S.D.J. |
|---|---|

Defendants UMG Recordings, Inc. (sued incorrectly herein as Universal Music Group, Inc.) and Amaru Entertainment, Inc. (collectively, "Defendants"), by and through their undersigned counsel, hereby submit this Federal Rule of Civil Procedure Rule 26(a) Initial

Disclosure Statement, subject to appropriate supplementation, amendment and/or restatement as the case proceeds.

### A. NAME AND ADDRESS OF EACH INDIVIDUAL LIKELY TO HAVE DISCOVERABLE INFORMATION

The following witness information is subject to supplementation on an ongoing basis:

1. <u>Esther Williams</u>, Plaintiff, based on the information contained in her Complaint, is believed to reside at 1409 Delafield Place, N.W., Washington, D.C. 20011. Without limitation, Plaintiff has information concerning the recording agreement entered into by the Plaintiff and Bullseye Records, Inc. and the facts and circumstances surrounding the creation of the work entitled, "Last Night Changed It All" written by Joseph Wheeler.

2. <u>Robert B. Curington</u>, Senior Vice President and Managing General Partner of Friends and Company, a division of Bullseye Records, Inc., 1410 Rosewood Street, Durham, North Carolina 27701, (919) 687-0094. Without limitation, Mr. Curington has personal knowledge of the facts and circumstances surrounding the execution of the exclusive recording agreement entered into by and between Esther Williams and Friends & Co., Inc., a division of Bullseye Records, Inc. dated December 19, 1975. In addition, Mr. Curington has personal knowledge of the facts and circumstances surrounding the creation of the work at issue in the within litigation and facts concerning Defendants' affirmative defenses to Plaintiff's claims.

3. <u>Joseph Wheeler</u>, Sole songwriter for the work entitled "Last Night Changed It All", address presently unknown, phone number presently unknown. Without limitation, Mr. Wheeler has personal knowledge of the facts and circumstances surrounding the creation (and his authoring) of the work entitled, "Last Night Changed It All." In addition, Mr. Wheeler also

{NY019940;1}

has information concerning Ms. Williams' relationship with Bullseye Records and the BMI publishing splits.

4. <u>Gary F. Roth, Esq.</u>, Assistant Vice President, Legal and Business Affairs, BMI, 320 West 57th Street, New York, New York 10019, (212) 830-2521. Without limitation, Mr. Roth may have information concerning the publishing splits and the background facts and circumstances related to the publishing splits (and copyright interests) in the work entitled, "Last Night Changed It All."

5. <u>Amy Jonas</u>, Copyright Label Manager, UMG Copyright Administration, c/o Donald N. David, Esq., Akerman Senterfitt LLP, 335 Madison Avenue, Suite 2600, New York, New York 10017, (212) 880-3856. Without limitation, Ms. Jonas has knowledge concerning dealings with the various parties involved in getting the sound recording clearances accomplished for Defendant UMG.

6. <u>Deborah Mannis-Gardner</u>, DMG Clearances, Inc., 13 Robin Drive, Hockessin, Delaware 19707, (302) 239-6337. Without limitation, Ms. Mannis-Gardner may have personal knowledge concerning dealings with the various parties involved in getting the sound recording clearances completed in connection with the disputed recordings.

7. <u>Steve Gawley, Esq.</u>, Business and Legal Affairs for the Island Def Jam Music Group, c/o Donald N. David, Esq., Akerman Senterfitt LLP, 335 Madison Avenue, Suite 2600, New York, New York 10017, (212) 880-3856. Without limitation, Mr. Gawley may have knowledge concerning the license agreement entered into with Bullseye.

{NY019940;1}

8.  <u>Others</u>. Other persons may have information likely discoverable in this matter and as and when said persons come to the attention of Defendants and their counsel, Defendants' disclosures will be supplemented as may be required by the applicable rules.

**B.  DOCUMENTS RELEVANT TO THE DISPUTED FACTS**

The following is a description by category of documents that are in Defendants' possession, custody or control that Defendant may use to support their affirmative defenses:

1.  Documents pertaining to (and including) the Recording Agreement entered into between Plaintiff and Bullseye Records, Inc.

2.  Documents pertaining to or related to the Defendants' licensing of the work entitled, "Last Night Changed It All" by Bullseye Records, Inc.

3.  Documents related to or concerning other performances of Plaintiff which copyright belongs to third parties.

4.  Documents related to or concerning the composition entitled "Last Night Changed It All" and its sound recording.

5.  Documents related to or concerning Plaintiff's copyrights identified in the Complaint.

6.  Documents related to or concerning Defendants' sales and expenses related to their works at issue in the present litigation.

7.  Documents related to or concerning this and other licensed uses (and unlicensed uses) of the work entitled, "Last Night Changed It All."

8.  Other categories of documents likely to be discoverable in this matter may come to the attention of Defendants in the future. As and when said categories of documents come to

{NY019940;1}

the attention of Defendants and their counsel, Defendants' disclosures will be supplemented as may be required by the applicable rules.

### C.   COMPUTATION OF DAMAGES CLAIMED BY DISCLOSING PARTIES

The Defendants claim no actual damages in connection with this litigation except, in the event Defendants are successful in this action, for a claim for reimbursement of its actual and reasonable attorneys' fees and costs as provided for in Title 17 of the United States Code. Furthermore, Defendants intend on seeking Rule 11 sanctions against Plaintiff and her law firms for maintaining this frivolous litigation. Defendants have previously served Rule 11 notice on Plaintiff and her attorneys notifying them of Defendants' intentions. The exact amount of Defendants' potential claim cannot presently be determined.

### D.   INSURANCE AGREEMENTS

Defendants are presently unaware of any insurance agreements applicable to the disputes in issue in this litigation.

DATED this 31st day of October, 2007.

**AKERMAN SENTERFITT LLP**

*Attorneys for Defendants*
*Universal Music Group, Inc. and*
*Amaru Entertainment, Inc.*

By: _____
      Donald N. David

335 Madison Avenue, Suite 2600
New York, New York 10017
Telephone: 212.880.3856

* - Admitted *pro hac vice* in this action.

{NY019940;1}

<u>TO</u>:   Bradley Thomas, Esq.
         Law Offices of Bradley Thomas
         *Attorneys for Plaintiff*
           *Esther Williams*
         1629 K Street, NW, Suite 300
         Washington, D.C. 20006

         ***VIA ECF pursuant to Local Rule 5.4(d)***

{NY019940;1}