IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTHER WILLIAMS,<br><br>*Plaintiff,*<br><br>- against -<br><br>UNIVERSAL MUSIC GROUP, INC.,<br>AMARU ENTERTAINMENT, INC.,<br>BULLSEYE RECORDS, INC., and<br>ROBERT B. CURRINGTON,<br><br>*Defendants.* | Case No.: 1:07-CV-00714 (JDB) |

**AMENDED ANSWER WITH AFFIRMATIVE DEFENSES OF**
**DEFENDANT AMARU ENTERTAINMENT, INC.**

Defendant AMARU ENTERTAINMENT, INC. ("Defendant"), by and through its attorneys, Akerman Senterfitt LLP, responds to the Amended Complaint of Plaintiff ESTHER WILLIAMS ("Plaintiff"), filed with this Honorable Court on October 19, 2007 (the "Amended Complaint"), as follows:

1.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Amended Complaint, and therefore denies same.

2.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Amended Complaint, and therefore denies same.

{NY021787;1}

3. Defendant denies the allegations contained in paragraph "3" of the Amended Complaint, except admits that it is a company which presently owns or controls some of the intellectual property of the late Tupac Shakur, and from time to time licenses same to third parties.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Amended Complaint, and therefore denies same.

5. To the extent that paragraph "5" alleges that the Defendant Robert B. Currington has held himself out to be an authorized representative of Bullseye, Defendant admits same and states that Defendant was issued a license by Bullseye to use the master recording for the song entitled "Last Night Changed It All." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "5" of the Amended Complaint, and therefore denies same.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Amended Complaint, and therefore denies same.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Amended Complaint, and therefore denies same. However, Defendant admits that a song entitled "Last Night Changed It All" was recorded as a work for hire on the Bullseye Records label with the assistance of Friends and Company.

8. Defendant solely admits that on or about December 19, 1975 Plaintiff entered into a recording agreement with Bullseye through which she transferred her copyright in the sound recording of the LP "Let Me Show You", including the song "Last Night Changed It All" to Bullseye. Defendant further states that the contents of the recording agreement speak for themselves and as such Defendant points to the contents thereof.

9. Defendant denies the allegations contained in paragraph "9" of the Amended Complaint except admits that an album entitled "Let Me Show You" was released by the Friends and Company record label in 1976.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Amended Complaint, and therefore denies same.

11. The allegations contained in paragraph "11" of the Amended Complaint are legal conclusions or statements to which no response is necessary. However, to the extent a response is required, Defendant denies that, as a matter of law, a purported breach of contract renders the recording agreement void and unenforceable, but rather suggests that money damages would be the appropriate remedy.

12. Defendant denies the allegations contained in paragraph "12" of the Amended Complaint.

13. Defendant denies the allegations contained in paragraph "13" of the Amended Complaint except admits that on or about January 17, 2006 the U.S. Copyright Office issued a renewal registration based on a "Form RE" submitted by Plaintiff for the album entitled "Let Me

Show You," without admission as to the effectiveness or validity of said renewal registration. Defendant further denies that there is any exhibit annexed to the Amended Complaint as Exhibit "1."

14. Defendant denies the allegations contained in paragraph "14" of the Amended Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Amended Complaint, and therefore denies same.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Amended Complaint, and therefore denies same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "17" of the Amended Complaint, and therefore denies same.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Amended Complaint, and therefore denies same.

19. Defendant denies the allegation contained in paragraph "19" of the Amended Complaint and rejects the Plaintiff's intent to confuse the trier of fact as to the relevant inquiry in cases involving claims of copyright infringement of sound recordings.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "20" of the Amended Complaint, and therefore denies same.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "21" of the Amended Complaint, and therefore denies same. Furthermore, the allegation fails to define a timeframe for the alleged record sales information contained in paragraph "21" of the Amended Complaint.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Amended Complaint, and therefore denies same.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "23" of the Amended Complaint, and therefore denies same.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Amended Complaint, and therefore denies same.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Amended Complaint, and therefore denies same.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Amended Complaint, and therefore denies same.

27. Defendant denies the allegations contained in paragraph "27" of the Amended Complaint, except admits that a recording entitled "Late Night" appears on the album "Better Dayz," which album was commercially released and distributed to the public by Interscope Records, Inc. on November 26, 2002.

28. Defendant denies the allegation contained in paragraph "28" of the Amended Complaint.

29. Defendant denies the allegation contained in paragraph "29" of the Amended Complaint. Defendant affirmatively states that it owns or controls an interest in certain of Tupac Shakur's musical compositions.

30. Defendant denies the allegations contained in paragraph "30" of the Amended Complaint.

31. Defendant denies the allegation contained in paragraph "31" of the Amended Complaint.

32. Defendant denies the allegation contained in paragraph "32" of the Amended Complaint.

## JURISDICTION AND VENUE

33. The allegation contained in paragraph "33" of the Amended Complaint is a legal conclusion or statement to which no response is necessary.

34. The allegations contained in paragraph "34" of the Amended Complaint are legal conclusions or statements to which no response is necessary. However, to the extent a response is required, Defendant solely admits that the referenced statutes relate to the inquiry concerning subject matter jurisdiction in the federal courts generally.

35. Defendant Amaru is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Amended Complaint, and therefore denies same. For the sake of clarity, Defendant denies that personal jurisdiction is appropriate in this District.

36. The allegations contained in paragraph "36" of the Amended Complaint are legal conclusions or statements to which no response is necessary. However, to the extent a response is required, Defendant denies that venue is appropriate in this District.

## COUNT I

### (Breach of Contract)

37. In response to the allegations contained in paragraph "37" of the Amended Complaint, Defendant repeats, reiterates, and realleges each and every response set forth in paragraphs "1" through "36" above as if fully set forth at length herein.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Amended Complaint, and

{NY021787;1}                                    7

therefore denies same. In addition, Defendant does not believe that this cause of action is asserted against it and therefore responds only in an abundance of caution.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Amended Complaint, and therefore denies same. In addition, Defendant does not believe that this cause of action is asserted against it and therefore responds only in an abundance of caution.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the Amended Complaint, and therefore denies same. In addition, Defendant does not believe that this cause of action is asserted against it and therefore responds only in an abundance of caution.

41. The allegations contained in paragraph "41" of the Amended Complaint are a legal conclusions or statements to which no response is necessary. However, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the Amended Complaint, and therefore denies same.

42. The allegations contained in paragraph "42" of the Amended Complaint are a legal conclusions or statements to which no response is necessary. However, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of the Amended Complaint, and therefore denies same

43. The allegations contained in paragraph "43" of the Amended Complaint are a legal conclusions or statements to which no response is necessary. However, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the Amended Complaint, and therefore denies same.

44. The allegations contained in paragraph "44" of the Amended Complaint are a legal conclusions or statements to which no response is necessary. However, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44" of the Amended Complaint, and therefore denies same.

## COUNT II

### (Copyright Infringement)

45. In response to the allegations contained in paragraph "45" of the Amended Complaint, Defendant repeats, reiterates, and realleges each and every response set forth in paragraphs "1" through "36" above as if fully set forth at length herein.

46. Defendant denies the allegations contained in paragraph "46" of the Amended Complaint.

47. Defendant denies the allegations contained in paragraph "47" of the Amended Complaint. Furthermore, Defendant denies that Plaintiff is the "lawful copyright holder of the master recording of 'Last Night Changed It All.'"

48. The allegation contained in paragraph "48" of the Amended Complaint is a legal conclusion or statement to which no response is necessary. However, to the extent a response is required, Defendant denies the allegation contained in paragraph "48" of the Amended Complaint.

49. Defendant denies the allegations contained in paragraph "49" of the Amended Complaint. Furthermore, Defendant denies that Plaintiff has any copyright interest in the work

"Last Night Changed It All." In addition, Defendant denies that Plaintiff has sustained any injury by virtue of Defendant's alleged sampling of the work "Last Night Changed It All."

50. The allegations contained in paragraph "50" of the Amended Complaint are legal conclusions or statements to which no response is necessary. However, to the extent a response is required, Defendant denies the allegations contained in paragraph "50" of the Amended Complaint in their entirety as an inaccurate statement of the law. Defendant further states that Plaintiff is not entitled to statutory damages as a matter of law.

51. The allegation contained in paragraph "51" of the Amended Complaint is a legal conclusion or statement to which no response is necessary. However, to the extent a response is required, Defendant denies the allegation contained in paragraph "51" of the Amended Complaint.

52. Defendant denies the allegations contained in paragraph "52" of the Amended Complaint.

## COUNT III

### (False Light)

53. In response to the allegations contained in paragraph "53" of the Amended Complaint, Defendant repeats, reiterates, and realleges each and every response set forth in paragraphs "1" through "36" above as if fully set forth at length herein.

54. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "54" of the Amended Complaint, and therefore denies same.

55.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "55" of the Amended Complaint, and therefore denies same.

56.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "56" of the Amended Complaint, and therefore denies same. In addition, however, without admitting use, Defendant denies that it would have needed Plaintiff's permission to sample the recording "Last Night Changed It All" recorded while the Plaintiff was under contract with Bullseye Records and Friends & Co.

57.    Defendant denies the allegation contained in paragraph "57" of the Amended Complaint.

58.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "58" of the Amended Complaint, and therefore denies same.

59.    The allegation contained in paragraph "59" of the Amended Complaint is a monetary demand to which no response is necessary. However, to the extent one is required, Defendant denies that any damages, monetary or otherwise, are due to Plaintiff.

## COUNT IV
### (Right of Publicity)

60.    In response to the allegations contained in paragraph "60" of the Amended Complaint, Defendant repeats, reiterates, and realleges each and every response set forth in paragraphs "1" through "36" above as if fully set forth at length herein.

61. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "61" of the Amended Complaint, and therefore denies same.

62. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "62" of the Amended Complaint, and therefore denies same.

63. Defendant denies the allegation contained in paragraph "63" of the Amended Complaint.

64. Defendant denies the allegations contained in paragraph "64" of the Amended Complaint.

65. The allegation contained in paragraph "65" of the Amended Complaint is a monetary demand to which no response is necessary. However, to the extent one is required, Defendant denies that any damages, monetary or otherwise, are due to Plaintiff.

## AS AND TO THE RELIEF DEMANDED

66. Defendant asserts that Plaintiff is not entitled to any of the relief demanded.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

67. The Amended Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

68. Plaintiff lacks standing to assert the claims contained in her Amended Complaint.

69. Plaintiff recorded the track "Last Night Changed It All" (the "Work") as a work for hire under the terms of an exclusive recording agreement between Plaintiff and Friends & Co., a division of Bullseye Records, Inc. (hereinafter, "Bullseye") dated December 19, 1975, assigning all of her rights, title and interest in and to the Work to Bullseye.

70. Therefore, Plaintiff has no legal basis for filing copyright registrations for the Work, including without limitation, the renewal copyright registration (RE 928-929) issued for the Work. Renewal registration number RE 928-929 has been assigned to the Work by the United States Copyright Office (the "Renewal Registration").

71. Plaintiff has no legal basis to maintain the Renewal Registration.

72. Plaintiff lacks standing to maintain the claims asserted by her in the Amended Complaint in that she has no right to the ownership or copyright in and to the Work.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

73 Plaintiff's claims are barred, in whole or in part, by the statute of limitations as provided for at 17 U.S.C. § 101, *et seq*.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

74. Plaintiff's claims are barred, in whole or in part, by virtue of a license.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

75. Plaintiff's claims are barred, in whole or in part, under the doctrine of waiver.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims are barred, in whole or in part, by virtue of Plaintiff's fraud on the copyright office.

77. Plaintiff knowingly and willfully filed an application for a United States Copyright Renewal Registration for the Work, knowing that she did not have any right, title or interest in or to the Work.

78. Plaintiff fraudulently filed the Renewal Registration in an attempt to fraudulently maintain the instant action against Defendant.

79. Defendant separately seeks a declaration of cancellation for the Renewal Registration.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

80. Plaintiff's claims are barred, in whole or in part, by virtue of a misuse of copyright.

81. Plaintiff fraudulently filed the Renewal Registration with full knowledge that she did not have the legal basis to do so in an attempt to misuse the copyright so as to maintain the instant litigation.

82. As a result of Plaintiff's misuse of copyright, Defendant has been damaged.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

83. Plaintiff's claims are barred, in whole or in part, under the doctrine of estoppel.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

84.  Plaintiff's claims are barred, in whole or in part, under the doctrine of laches.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

85.  Plaintiff's claims are barred, in whole or in part, on the grounds of fair use.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

86.  Plaintiff's claims for equitable/injunctive relief are barred, in whole or in part, because Plaintiff has not suffered, and will not suffer, irreparable harm.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

87.  Plaintiff's claims are barred, in whole or in part, because Plaintiff has not incurred or sustained any damages as alleged, or if any such damages were incurred or sustained, they were *de minimis*.

88.  Moreover, Plaintiff's claims for compensatory damages have no basis in fact or in law.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

89.  Venue is improper in the District of Columbia.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

90.  Plaintiff's claim for statutory damages pursuant to 17 U.S.C. § 504 (c) is barred as a matter of law.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

91. Plaintiff's claims are barred, in whole or in part, on the grounds that she assigned all of her right in and to any and all musical copyrights to a third-party.

**WHEREFORE**, Defendant respectfully requests that judgment be entered in its favor and against Plaintiff, that Plaintiff's Renewal Registration be cancelled and that Defendant be awarded its actual and reasonable costs, attorneys' fees and such other, different and further relief as the Court deems to be just and equitable.

Dated: Washington, D.C.
       November 14, 2007

Respectfully submitted,

**AKERMAN SENTERFITT LLP**

*Attorneys for Defendant*
  *Amaru Entertainment, Inc.*

By:  /s/
     Lisa J. Savitt (DC Bar No. 434559)

801 Pennsylvania Avenue, NW
Suite 600
Washington, D.C.  20004
Telephone: (202) 824-1729
E-mail: lisa.savitt@akerman.com

*Of Counsel:*
Donald N. David*
Brian A. Bloom*
AKERMAN SENTERFITT LLP
335 Madison Avenue, Suite 2600
New York, New York 10017
Telephone: 212.880.3800
Facsimile: 212.880.8965

\* - Admitted *Pro Hac Vice* in this action.