IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTHER WILLIAMS,<br><br>*Plaintiff,*<br><br>- against -<br><br>UNIVERSAL MUSIC GROUP, INC.,<br>AMARU ENTERTAINMENT, INC.,<br>BULLSEYE RECORDS, INC., and<br>ROBERT B. CURRINGTON,<br><br>*Defendants.* | Case No.: 1:07-CV-00714 (JDB) |

## AMENDED ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANT UMG RECORDINGS, INC.

Defendant UMG RECORDINGS, INC. (incorrectly named and sued herein as UNIVERSAL MUSIC GROUP, INC.) ("Defendant"), by and through its attorneys, Akerman Senterfitt LLP, responds to the Amended Complaint of Plaintiff ESTHER WILLIAMS ("Plaintiff"), filed with this Honorable Court on October 19, 2007 (the "Amended Complaint"), as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Amended Complaint, and therefore denies same.

2. Defendant is a corporation duly authorized and existing under the laws of the State of Delaware. Defendant admits that at all times pertinent hereto, it was actively engaged in the business of selling and/or licensing the distribution and selling of sound recordings.

{NY021785;1}

Defendant further admits that at various times pertinent hereto, it has traded under several different trade names including, but not limited to Def Jam Records, Island Records, Interscope Records, Geffen Records, A&M Records, the Universal Motown Records Group, the Universal Music Classics Group, Universal Music Latino, Universal Music Group Nashville, Universal Records South and the Verve Music Group. Defendant further admits that, in the regular course of its business, it advertises, promotes and sells its products in Washington, D.C. and has done so continuously throughout all times pertinent hereto. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph "2" of the Amended Complaint.

3.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Amended Complaint, and therefore denies same.

4.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Amended Complaint, and therefore denies same.

5.  To the extent that paragraph "5" alleges that the Defendant Robert B. Currington has held himself out to be an authorized representative of Bullseye, Defendant admits same and states that Defendant was issued a license by Bullseye to use the master recording for the song entitled "Last Night Changed It All." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "5" of the Amended Complaint, and therefore denies same.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Amended Complaint, and therefore denies same.

7. Defendant admits that a song entitled "Last Night Changed It All" was recorded by Plaintiff for the Bullseye Records label. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "7" of the Amended Complaint, and therefore denies same.

8. Defendant solely admits that on or about December 19, 1975 Plaintiff entered into a recording agreement with Bullseye through which she transferred her copyright in the sound recording of the LP "Let Me Show You", including the song "Last Night Changed It All" to Bullseye. Defendant further states that the contents of the recording agreement speak for themselves and as such Defendant points to the contents thereof.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Amended Complaint, and therefore denies same.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Amended Complaint, and therefore denies same.

11. The allegations contained in paragraph "11" of the Amended Complaint are legal conclusions or statements to which no response is necessary. However, to the extent a response is required, Defendant denies that, as a matter of law, a purported breach of contract renders the

recording agreement void and unenforceable, but rather suggests that money damages would be a more appropriate remedy.

12. Defendant denies the allegations contained in paragraph "12" of the Amended Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Amended Complaint, and therefore denies same.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Amended Complaint, and therefore denies same.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Amended Complaint, and therefore denies same.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Amended Complaint, and therefore denies same.

17. Defendant admits the allegation contained in paragraph "17" of the Amended Complaint.

18. To the extent that paragraph "18" alleges that the Plaintiff is the owner of the master recording entitled "Last Night Changed It All", Defendant denies same. Defendant is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "18" of the Amended Complaint, and therefore denies same.

19. Defendant denies the allegation contained in paragraph "19" of the Amended Complaint.

20. Defendant denies the allegation contained in paragraph "20" of the Amended Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "21" of the Amended Complaint, and therefore denies same. Furthermore, the allegation fails to define a timeframe for the alleged record sales information contained in paragraph "21" of the Amended Complaint.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Amended Complaint, and therefore denies same.

23. Defendant admits the allegation contained in paragraph "23" of the Amended Complaint.

24. Defendant avers that the Island Def Jam Music Group is a division of UMG Recordings, Inc. Except as expressly admitted herein, Defendants denies each and every allegation contained in paragraph "24" of the Amended Complaint.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Amended Complaint, and

therefore denies same. However, Defendant did enter into a license agreement with Bullseye on or about May 22, 2004 granting Defendant or one of its affiliates a non-exclusive license to use the master recording of "Last Night Changed It All."

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Amended Complaint, and therefore denies same.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Amended Complaint, and therefore denies same.

28. Defendant denies the allegation contained in paragraph "28" of the Amended Complaint.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Amended Complaint, and therefore denies same.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Amended Complaint, and therefore denies same.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Amended Complaint, and therefore denies same.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Amended Complaint, and therefore denies same.

## JURISDICTION AND VENUE

33. The allegation contained in paragraph "33" of the Amended Complaint is a legal conclusion or statement to which no response is necessary.

34. The allegations contained in paragraph "34" of the Amended Complaint are legal conclusions or statements to which no response is necessary. However, to the extent a response is required, Defendant solely admits that the referenced statutes relate to the inquiry concerning subject matter jurisdiction in the federal courts generally.

35. Defendant denies that it has committed infringing acts inside of the District of Columbia causing injury to Plaintiff in the District of Columbia. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "35" of the Amended Complaint, and therefore denies same. For the sake of clarity, Defendant denies that personal jurisdiction is appropriate in this District.

36. The allegations contained in paragraph "36" of the Amended Complaint are legal conclusions or statements to which no response is necessary. However, to the extent a response is required, Defendant denies that venue is appropriate in this District.

## COUNT I

### (Breach of Contract)

37. In response to the allegations contained in paragraph "37" of the Amended Complaint, Defendant repeats, reiterates, and realleges each and every response set forth in paragraphs "1" through "36" above as if fully set forth at length herein.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Amended Complaint, and therefore denies same. In addition, Defendant does not believe that this cause of action is asserted against it and therefore responds only in an abundance of caution.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Amended Complaint, and therefore denies same. In addition, Defendant does not believe that this cause of action is asserted against it and therefore responds only in an abundance of caution.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the Amended Complaint, and therefore denies same. In addition, Defendant does not believe that this cause of action is asserted against it and therefore responds only in an abundance of caution.

41. The allegations contained in paragraph "41" of the Amended Complaint are a legal conclusions or statements to which no response is necessary. However, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the Amended Complaint, and therefore denies same.

42. The allegations contained in paragraph "42" of the Amended Complaint are a legal conclusions or statements to which no response is necessary. However, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of the Amended Complaint, and therefore denies same.

43. The allegations contained in paragraph "43" of the Amended Complaint are a legal conclusions or statements to which no response is necessary. However, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the Amended Complaint, and therefore denies same.

44. The allegations contained in paragraph "44" of the Amended Complaint are a legal conclusions or statements to which no response is necessary. However, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44" of the Amended Complaint, and therefore denies same.

## COUNT II

### (Copyright Infringement)

45. In response to the allegations contained in paragraph "45" of the Amended Complaint, Defendant repeats, reiterates, and realleges each and every response set forth in paragraphs "1" through "36" above as if fully set forth at length herein.

46. Defendant denies the allegations contained in paragraph "46" of the Amended Complaint.

47. Defendant denies the allegations contained in paragraph "47" of the Amended Complaint.

48. The allegation contained in paragraph "48" of the Amended Complaint is a legal conclusion or statement to which no response is necessary. However, to the extent a response is required, Defendant denies the allegation contained in paragraph "48" of the Amended Complaint.

49. Defendant denies the allegations contained in paragraph "49" of the Amended Complaint.

50. The allegations contained in paragraph "50" of the Amended Complaint are legal conclusions or statements to which no response is necessary. However, to the extent a response is required, Defendant denies the allegations contained in paragraph "50" of the Amended Complaint in their entirety.

51. The allegation contained in paragraph "51" of the Amended Complaint is a legal conclusion or statement to which no response is necessary. However, to the extent a response is required, Defendant denies the allegation contained in paragraph "51" of the Amended Complaint.

52. Defendant denies the allegations contained in paragraph "52" of the Amended Complaint.

## COUNT III

### (False Light)

53. In response to the allegations contained in paragraph "53" of the Amended Complaint, Defendant repeats, reiterates, and realleges each and every response set forth in paragraphs "1" through "36" above as if fully set forth at length herein.

54.     Defendant denies the allegations contained in paragraph "54" of the Amended Complaint.

55.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "55" of the Amended Complaint, and therefore denies same.

56.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "56" of the Amended Complaint, and therefore denies same.

57.     Defendant denies the allegation contained in paragraph "57" of the Amended Complaint.

58.     Defendant denies the allegation contained in paragraph "58" of the Amended Complaint.

59.     The allegation contained in paragraph "59" of the Amended Complaint is a monetary demand to which no response is necessary. However, to the extent one is required, Defendant denies that any damages, monetary or otherwise, are due to Plaintiff.

## COUNT IV

### (Right of Publicity)

60.     In response to the allegations contained in paragraph "60" of the Amended Complaint, Defendant repeats, reiterates, and realleges each and every response set forth in paragraphs "1" through "36" above as if fully set forth at length herein.

61.	Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "61" of the Amended Complaint, and therefore denies same.

62.	Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "62" of the Amended Complaint, and therefore denies same.

63.	Defendant denies the allegation contained in paragraph "63" of the Amended Complaint.

64.	Defendant denies the allegations contained in paragraph "64" of the Amended Complaint.

65.	The allegation contained in paragraph "65" of the Amended Complaint is a monetary demand to which no response is necessary. However, to the extent one is required, Defendant denies that any damages, monetary or otherwise, are due to Plaintiff.

## AS AND TO THE RELIEF DEMANDED

66.   Defendant asserts that Plaintiff is not entitled to any of the relief demanded.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

67.   The Amended Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

68.   Plaintiff lacks standing to assert the claims contained in her Amended Complaint.

69.   Plaintiff recorded the track "Last Night Changed It All" (the "Work") as a work for hire under the terms of an exclusive recording agreement between Plaintiff and Friends & Co., a division of Bullseye Records, Inc. (hereinafter, "Bullseye") dated December 19, 1975, assigning all of her rights, title and interest in and to the Work to Bullseye.

70.   Defendant is informed and believes that Bullseye has not transferred or assigned any of its rights, title and interest in and to the Work to Plaintiff.

71.   Therefore, Plaintiff has no legal basis for filing or maintaining any copyright registration for the Work.

72.   Plaintiff lacks standing to maintain the claims asserted by her in the Amended Complaint in that she has no right to the ownership or copyright in and to the Work.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

73. Plaintiff's claims are barred, in whole or in part, by the statute of limitations as provided for at 17 U.S.C. § 101, *et seq*.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

74. Plaintiff's claims are barred, in whole or in part, by virtue of a license.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

75. Plaintiff's claims are barred, in whole or in part, under the doctrine of waiver.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims are barred, in whole or in part, by virtue of Plaintiff's fraud on the copyright office.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

77. Plaintiff's claims are barred, in whole or in part, by virtue of a misuse of copyright.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

78. Plaintiff's claims are barred, in whole or in part, under the doctrine of estoppel.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

79. Plaintiff's claims are barred, in whole or in part, under the doctrine of laches.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

80.   Plaintiff's claims are barred, in whole or in part, on the grounds of fair use.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

81.   Venue is improper in the District of Columbia.

### AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

82.   Plaintiff's claims are barred, in whole or in part, on the grounds that she assigned all of her right in and to any and all musical copyrights to a third-party.

**WHEREFORE**, Defendant respectfully requests that judgment be entered in its favor and against Plaintiff, that Plaintiff's Renewal Registration be cancelled and that Defendant be awarded its actual and reasonable costs, attorneys' fees and such other, different and further relief as the Court deems to be just and equitable.

Dated: Washington, D.C.
       November 14, 2007

Respectfully submitted,

**AKERMAN SENTERFITT LLP**

*Attorneys for Defendant
 UMG Recordings, Inc.,
   erroneously sued herein as Universal Music Group, Inc.*

By: _____/s/_____
    Lisa J. Savitt (DC Bar No. 434559)

801 Pennsylvania Avenue, NW
Suite 600
Washington, D.C. 20004
Telephone: (202) 824-1729
E-mail: lisa.savitt@akerman.com

*Of Counsel:*

Donald N. David*
Brian A. Bloom*
AKERMAN SENTERFITT LLP
335 Madison Avenue, Suite 2600
New York, New York 10017
Telephone: 212.880.3800
Facsimile: 212.880.8965

* - Admitted *Pro Hac Vice* in this action.