## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
-------------------------------------------------------x
                                          :
ESTHER WILLIAMS,                          :
                                          :
                Plaintiff,                :
                                          :        Civil Action No.: 1:07-cv-714 (JDB)
        v.                                :
                                          :
                                          :
UNIVERSAL MUSIC GROUP, INC.,              :
AMARU ENTERTAINMENT, INC.,                :
BULLSEYE RECORDS, INC., and               :
ROBERT B. CURRINGTON,                     :
                                          :
                Defendants.               :
                                          :
-------------------------------------------------------x
```

## PLAINTIFF'S RULE 26(a) DISCLOSURE STATEMENT

The Plaintiff, Esther Williams, by and through counsel, respectfully submits the following as her statement of initial disclosure pursuant to FRCP Rule 26(a). For purposes of this disclosure statement, the term "song at issue" refers to the song "Last Night Changed It All" which was recorded by the Plaintiff at the studios of the Defendant Bullseye Records, Inc., in or about December of 1975:

A. **Name and Address of Each Individual Likely To Have Discoverable Information:**

1. Esther Williams: Plaintiff, whose address is 1409 Delafield Place, N.W., Washington, DC 20011. Ms. Williams can testify to the facts surrounding the recording of the song at issue, its copyright registration, and the licensing (and/or lack thereof) of the song by her to third parties.

2.   <u>Robert B. Currington</u>:  Defendant, whose last known address is 109 Market Street, Durham, NC 27701.  Mr. Currington has personal knowledge of the facts surrounding the alleged unauthorized licensing of the song at issue.

3.   <u>Joseph Wheeler</u>:  Composer of the song at issue whose address is presently unknown.  Mr. Wheeler can testify to the facts surrounding the writing and the recording of the song at issue

4.   <u>Joseph Bonano</u>:  Owner of Bullseye Records, whose address is presently unknown.  Mr. Bonano has personal knowledge of the facts surrounding the recording of the song at issue, its copyright registration, and the licensing (and/or lack thereof) of the song to third parties.

5.   <u>Eddie Drennan</u>:  Record Producer, whose last known address is presently unknown.  Mr. Drennan has personal knowledge of the facts surrounding the recording of the song at issue, its copyright registration, and the licensing (and/or lack thereof) of the song to third parties.

6.   <u>Ann Bellisomo</u>:  Executive Assistant to Bullseye owner Joseph Bonano, whose address is presently unknown.  Ms. Bellisomo can testify to the facts surrounding the writing and the recording of the song at issue and possibly, its copyright registration, and the licensing (and/or lack thereof) of the song to third parties.

7.   <u>Others</u>:  Any other person or persons who have knowledge of facts which are admissible in the action at bar or are likely to lead to the discovery of admissible information.  The Plaintiff reserves the right to call any witnesses identified by the Defendants as well as the right to append to this list as other witnesses are revealed to her.

**B.  Documents Relevant To The Disputed Facts:**

1.   Documents pertaining to the recording agreement between the Plaintiff and Bullseye Records.

2.   Documents related to any licensing of the song at issue and/or its sound recording by the Plaintiff to third parties.

3.   Documents related to any alleged licensing of the song at issue and/or its sound recording by Bullseye Records, Inc. to third parties.

4.   Documents related to any alleged licensing of the song at issue and/or its sound recording by Robert Currington to third parties.

5.   Documents related to any change of the legal status of Bullseye Records, Inc. after the recording of the song at issue.

6.   Documents related to any alleged transfer of rights in the song at issue to any successor in interest of Bullseye Records, Inc.

7.   Documents related to the Plaintiff's copyrights in the song at issue.

8.   Documents related to the sales of the sound recording of the song at issue by Bullseye Records, Inc.

9.   Documents related to the sales of the Tupac Shakur sound recording containing a sampling of the song at issue as referred to the Plaintiff's Complaint.

10.   Documents related to the sales of the Ghostface Killa sound recording containing a sampling of the song at issue as referred to the Plaintiff's Complaint.

11.    All other documents which later come to the attention of the Plaintiff as containing information which is admissible in the action at bar or is likely to lead to the discovery of admissible information.

**C.    <u>Computation Of Damages Claimed By Disclosing Party:</u>**

The Plaintiff claims as damages the actual proceeds of sales of the recordings by Tupac Shakur and Ghostface Killa referenced above and referred to in her Complaint and/or, in the alternative, statutory damages as provided for under the Copyright Act of 1909.  Actual damages can not be presently quantified because of the Defendant's failure to provide any accounting to date of sales of the sound recordings at issue.  The Plaintiff will seek to discern that information through the process of discovery.  In addition to actual and statutory damages, Plaintiff seeks costs of these proceedings and reasonable attorney's fees.

**D.    <u>Insurance Agreements:</u>**

The Plaintiff is unaware of any insurance agreements applicable to the claims addressed in this litigation.

Respectfully Submitted,

The Law Offices of Bradley A. Thomas
*Counsel for Esther Williams*


By:_____/s/_____
Bradley A. Thomas  (D.C. Bar # 362656)
1629 K Street, NW, Suite 300
Washington, D.C. 20006
(202) 289-7574