IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTHER WILLIAMS,<br><br>                *Plaintiff,*<br><br>-against-<br><br><br>UNIVERSAL MUSIC GROUP, INC., et al.,<br><br><br>                *Defendants.* | Civil Action No. 07CV.00714 (JDB)<br><br>STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER<br><br>Honorable John D. Bates, U.S.D.J.<br><br>FILED<br><br>JAN 0 8 2008<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

      IT IS HEREBY STIPULATED AND AGREED TO, by and between the undersigned, counsel of record for the Parties, that this Confidentiality Agreement ("Agreement") shall govern the disclosure, production and use of any designated confidential records, documents, testimony, and information, including, without limitation, electronic or computerized data or information (collectively "discovery materials") produced by the Parties in the course of the discovery of the above captioned matter.

      1.     Counsel for any party may designate as "Confidential," in accordance with the procedures set forth herein, any discovery materials (or summaries, abstracts, or excerpts thereof), or any deposition testimony by such producing Party's past or current officers or employees that such counsel believes in good faith to contain or reflect trade secrets, commercially sensitive business, research, financial or other proprietary information (hereinafter "confidential information"). Any such designation shall be made at the time the information is produced or furnished, or in the case of depositions, at the time specified in paragraph 2(c).

      2.     Information shall be designated as "Confidential" as follows:

{NY019662;1}

a. In the case of documents, designation shall be made by placing the legend "Confidential" on each page of any document deemed to contain such confidential information. If it is impracticable to designate each page of the document (such as computer generated files), then it is sufficient to mark the first page as "Confidential";

b. In the case of answers to interrogatories, designation shall be made by placing the legend "Confidential" on any page(s) of any answer deemed to contain such confidential information, indicating any portion of such page which does not contain such confidential information. Alternatively, answers deemed to contain confidential information may be bound separately and marked with the appropriate legend;

c. In the case of depositions, designation of any portion of any transcript (including exhibits) deemed to contain "Confidential" information shall be made by placing on the record during the course of the deposition the appropriate designation or by notifying the parties in writing within thirty (30) business days after the receipt of a written transcript, or as otherwise agreed by counsel for the parties, specifying the pages on which such confidential information is contained; and

d. Any filing, motion or submission (or part thereof) in this litigation that includes, discloses, summarizes, excerpts, or reflects confidential information shall be made under seal unless otherwise ordered by the Court or otherwise agreed to by the Parties.

3. In the case of electronic or computerized data or information, a designation of a Confidential Document shall be made by marking or affixing a label to the disk, tape or other medium on which the information is stored, and by providing a manual list reflecting the documents on the disk which are to be considered Confidential Documents.

{NY019662;1}

4. No Party concedes that any information designated as "Confidential" does in fact contain or reflect confidential information. A Party shall not be obliged to challenge the propriety of the designation of information as "Confidential" at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If any party objects to the designation of information as "Confidential" and requests the Court to adjudicate same, the burden to establish the confidential nature of the information remains with the Party so designating the document as "Confidential".

5. Confidential information shall be used only for the purposes of this lawsuit, including their preparation of witnesses, for motions, or to pursue settlement of this action or any appeals and not for any business or other purpose whatsoever. Confidential information shall not be given, shown, made available, disclosed, or communicated in any way except to those persons designated herein.

6. This Stipulation shall not apply to any document, testimony, or other information which is: (i) generally available to the public other than as a result of disclosure in violation of this Stipulation; or (ii) is or becomes properly available to an opposing party other than through discovery from a party to this action. This Stipulation has no effect upon, and its scope shall not extend to, any producing party's use or disclosure of its own "Confidential" information.

7. Except upon the prior written consent of counsel, the Parties shall not disclose or disseminate Confidential Documents to any persons other than:

    (a) attorneys for the Parties in this action, paralegals, investigators, and secretarial staff, who are directly involved in rendering legal advice or are providing services related to the legal defense of Respondent in this action;

{NY019662;1}

(b) experts or consultants (including their employees, associates and/or support staff) retained by such Party in this action to provide services related to the legal defense of Respondent in this action;

(c) any other person whom a party in good faith determines may be a potential witness at deposition or trial.

(d) the Court and court personnel, including, without limitation, court reporters, stenographic reporters, and jurors, or alternates; and

(e) any other person or entity as to whom counsel for the producer or provider of the confidential information agrees in writing, or whom the Court directs shall have access to such information.

8. Except for those persons described in paragraph 7(d) herein, all persons to whom confidential information is disclosed, including parties, nonparties, and their representatives, shall be informed of and agree to be bound by the terms of this Stipulation, and shall take all necessary precautions to prevent any disclosure of confidential information other than as authorized by this Stipulation. Counsel subject to this Stipulation shall take all reasonable steps necessary to advise any person to whom confidential information may be disclosed of the terms of this Stipulation and shall obtain from any person described in paragraphs 7(a), 7(b), 7(c), or 7(e), a written acknowledgment in the form of Exhibit "A" annexed hereto, prior to such disclosure. The signed statements shall be retained by counsel of record.

9. Prior to the disclosure of confidential information at trial, or in any court proceeding, counsel shall in good faith attempt to resolve any disputes concerning the designation of any information as "Confidential" and to establish procedures for the use of

{NY019662;1}

confidential information in court. If counsel are not able to resolve these issues, any party may seek judicial resolution of the dispute.

10. Nothing in this Stipulation shall prevent any party from producing any document or information in that party's possession in response to a lawful subpoena or other compulsory process; provided that notice shall be given to other parties at least fourteen (14) business days prior to the return date of the subpoena or other compulsory process, or if the subpoena or other compulsory process has a return date of less than fourteen (14) business days, notice shall be given to other parties in writing or by telephone as soon as possible, but in no event later than forty-eight (48) hours prior to the return date.

11. The inadvertent production of any document or other information during discovery in this action, which absent such production would have been in whole or in part privileged under the attorney-client privilege, the work-product privilege, or any other applicable privilege or immunity from discovery, will not waive the attorney-client privilege, work-product privilege, or other applicable privilege or immunity, as to any document and other information not produced, regardless of its subject matter. In addition, in the event a Party determines that a document or other information has been disclosed in error, such Party shall request that the document be returned or destroyed and the receiving Party shall promptly abide by the request.

12. During the course of this action, if either party inadvertently produces unmarked documents that are Confidential Documents, the Parties reserve the right to subsequently assert that any document so produced is a Confidential Document. Upon notification of such documents, the party receiving such notice will thereafter treat the documents identified as a Confidential Document. No use by a party of unmarked documents prior to notice that it should have been designated a Confidential Document will be deemed a breach of this Agreement.

{NY019662;1}

13. In the event additional persons become parties to the action, those parties, their counsel and/or experts or consultants retained to assist counsel shall not have access to any "Confidential" information produced by obtained from any other party to the action until those parties have executed this Stipulation in the format set forth in <u>Exhibit "A"</u> hereto or upon an Order of a Court of competent jurisdiction which states otherwise.

14. This Agreement shall be effective immediately and shall survive the termination of this action and continue in full force and effect.

15. Within ninety (90) calendar days of termination of this action, all "Confidential" information and documents containing or reflecting "Confidential" information, including, without limitation, copies, summaries, and excerpts, shall be returned to the producing party or such "Confidential" information shall be certified as having been destroyed, except that counsel may retain documents reflecting any work-product copies of court filings and official transcripts and exhibits, provided those retained documents and the "Confidential" information contained therein will continue to be treated as provided herein.

16. In the event of a violation or threatened violation of any of the terms of this Stipulation, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such violation or threatened violation of this Stipulation, and the party against whom the injunctive relief is sought shall not claim that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to this Stipulation agree that the Court shall exercise jurisdiction over it or them for the limited purpose of any proceedings relating to the performance under, compliance with, or violation of this Stipulation.

{NY019662;1}

17. This stipulation is entered without prejudice to the right of any of the Parties or person to seek from the Court a modification of, or any other relief from, this Stipulation or to seek entry of further or additional protective orders, as the Court deems appropriate.

Dated: New York, New York
November 30, 2007

By: /s/ Lisa J. Savitt
Lisa J. Savitt  (DC Bar No. 434559)

801 Pennsylvania Ave., NW  Suite 600
Washington, DC 20004
Tel: 202.824.1729
Fax: 202.585.6203
lisa.savitt@akerman.com

AKERMAN SENTERFITT LLP

By: /s/ Donald N. David
Donald N. David (Admitted *pro hac vice*)

335 Madison Avenue, Suite 2600
New York, New York 10017-4636
Telephone: (212) 880-3800

*Attorneys for Defendants
Universal Music Group, Inc. and
Amaru Entertainment, Inc.*

LAW OFFICES OF BRADLEY THOMAS

By: /s/ Bradley Thomas
Bradley Thomas

1629 K Street, N.W., Suite 300
Washington, D.C. 20006
Telephone: (202) 289-7574

*Attorneys for Plaintiff Esther Williams*

SO ORDERED.

/s/ John D. Bates  1/4/08
HONORABLE JOHN D. BATES, U.S.D.J.

[NY019662;1]

EXHIBIT "A"
TO STIPULATION AND ORDER OF CONFIDENTIALITY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ESTHER WILLIAMS,

    *Plaintiff,*

-against-

UNIVERSAL MUSIC GROUP, INC., et al.,

    *Defendants.*

Civil Action No. 07CV-00714 (JDB)

STIPULATION AND ORDER OF CONFIDENTIALITY

Honorable John D. Bates, U.S.D.J.

### DECLARATION OF CONFIDENTIAL INFORMATION

I, _____, declare as follows:

1. My name is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I hereby acknowledge that I may receive information designated as CONFIDENTIAL in the above lawsuit, and I certify my understanding that such information is provided to me pursuant to the terms and restrictions of the STIPULATION AND ORDER OF CONFIDENTIALITY dated _____ (hereinafter, the "STIPULATION").

5. I further state that I have been given a copy of and have read the STIPULATION, that I am familiar with the terms of the STIPULATION, that I agree to comply with and to be

{NY019662;1}

bound by each of the terms thereof, and that I agree to hold in confidence any information disclosed to me pursuant to the terms of the STIPULATION.

6.  To assure my compliance with the STIPULATION, I hereby submit myself to this jurisdiction of the above-referenced Court for the limited purpose of any proceedings relating to the performance under, compliance with or violation of this STIPULATION.

7.  I understand that I am to retain all of the materials that I receive which have been designated as CONFIDENTIAL in a container, cabinet, drawer, room, or other safe place in a manner consistent with this STIPULATION; that all such materials are to remain in my custody until I have completed my assigned duties, whereupon they are to be returned to the party who provided them to me; and that any materials, memoranda, work notes, or other documents derived from documents designated as CONFIDENTIAL or containing any information contained therein are to be delivered to the party who provided the designated materials. Such delivery shall not relieve me from any of the continuing obligations imposed upon me by the STIPULATION. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the STIPULATION.

I declare under penalty of perjury under the laws of the United States of America and the State of New York that the foregoing is true and correct.

Date: _____          _____

                                      Print Name:_____

{NY019662;1}