IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ESTHER WILLIAMS**
1409 Delafield Place, N. W.
Washington, DC 20011

      Plaintiff,

v.

**UMG RECORDINGS, INC.**
10 Universal City Plaza
Universal City, CA 91608

  and

**AMARU ENTERTAINMENT, INC.**
2850 Ocean Park Boulevard
Santa Monica, CA 90405

  and

**BULLSEYE RECORDS, INC.**
109 Market Street
Durham, NC 27701

Serve:

Secretary of State
Office of Department of State
41 State Street
Albany, NY 12231

  and

**ROBERT B. CURRINGTON**
109 Market Street
Durham, NC 27701

      Defendants.

07-714 JDB
Leave to file GRANTED

_/s/ John D. Bates_  2/21/08
John D. Bates
United States District Judge

## ANSWER

Defendants Bullseye Records, Inc & Robert B. Currington, with business address being 109 Market Street, Durham, North Carolina, by way of Answer to Plaintiff's Complaint, says:

1. Defendants Bullseye Records, Inc. and Robert B. Currington are without sufficient knowledge to admit or deny the allegations in paragraph 1 of the Complaint and leave Plaintiff to his/her proofs.

2. Defendants Bullseye Records, Inc. and Robert B. Currington are without sufficient knowledge to admit or deny the allegations in paragraph 2 of the Complaint and leave Plaintiff to his/her proofs.

3. Defendants Bullseye Records, Inc. and Robert B. Currington are without sufficient knowledge to admit or deny the allegations in paragraph 3 of the Complaint and leave Plaintiff to his/her proofs.

4. Defendants Bullseye Records, Inc. and Robert B. Currington admit the allegations in paragraph 4 of the Complaint.

5. Defendants Bullseye Records, Inc. and Robert B. Currington admit the allegations in paragraph 5 of the Complaint.

6. Defendants Bullseye Records, Inc. and Robert B. Currington admit the allegations in paragraph 6 of the Complaint.

7. Defendants Bullseye Records, Inc. and Robert B. Currington admit the allegations in paragraph 7 of the Complaint.

8. Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 8 of the Complaint and demand strict proof of said allegations.

9. Defendants Bullseye Records, Inc. and Robert B. Currington are without sufficient knowledge to admit or deny the allegations in paragraph 9 of the Complaint and leave Plaintiff to his/her proofs.

10. Defendants Bullseye Records, Inc. and Robert B. Currington admit the allegations in paragraph 10 of the Complaint.

11. Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 11 of the Complaint and demand strict proof of said allegations.

12. Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 12 of the Complaint and demand strict proof of said allegations.

13. Defendants Bullseye Records, Inc. and Robert B. Currington are without sufficient knowledge to admit or deny the allegations in paragraph 13 of the Complaint and leave Plaintiff to his/her proofs.

14. Defendants Bullseye Records, Inc. and Robert B. Currington are without sufficient knowledge to admit or deny the allegations in paragraph 14 of the Complaint and leave Plaintiff to his/her proofs.

15. Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 15 of the Complaint and demand strict proof of said allegations.

16. Defendants Bullseye Records, Inc. and Robert B. Currington are without sufficient knowledge to admit or deny the allegations in paragraph 16 of the Complaint and leave Plaintiff to his/her proofs.

17. Defendants Bullseye Records, Inc. and Robert B. Currington admit the allegations in paragraph 17 of the Complaint.

18. Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 18 of the Complaint and demand strict proof of said allegations.

19. Defendants Bullseye Records, Inc. and Robert B. Currington admit the allegations in paragraph 19 of the Complaint.

20. Defendants Bullseye Records, Inc. and Robert B. Currington admit the allegations in paragraph 20 of the Complaint.

21. Defendants Bullseye Records, Inc. and Robert B. Currington are without sufficient knowledge to admit or deny the allegations in paragraph 21 of the Complaint and leave Plaintiff to his/her proofs.

22. Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 22 of the Complaint and demand strict proof of said allegations.

23. Defendants Bullseye Records, Inc. and Robert B. Currington are without sufficient knowledge to admit or deny the allegations in paragraph 23 of the Complaint and leave Plaintiff to his/her proofs.

24. Defendants Bullseye Records, Inc. and Robert B. Currington are without sufficient knowledge to admit or deny the allegations in paragraph 24 of the Complaint and leave Plaintiff to

his/her proofs.

25.  Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 25 of the Complaint and demand strict proof of said allegations.

26.  Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 26 of the Complaint and demand strict proof of said allegations.

27.  Defendants Bullseye Records, Inc. and Robert B. Currington admit the allegations in paragraph 27 of the Complaint.

28.  Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations

in paragraph 28 of the Complaint and demand strict proof of said allegations.

29. Defendants Bullseye Records, Inc. and Robert B. Currington are without sufficient knowledge to admit or deny the allegations in paragraph 29 of the Complaint and leave Plaintiff to his/her proofs.

30. Defendants Bullseye Records, Inc. and Robert B. Currington are without sufficient knowledge to admit or deny the allegations in paragraph 30 of the Complaint and leave Plaintiff to his/her proofs.

31. Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 31 of the Complaint and demand strict proof of said allegations.

32. Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 32 of the Complaint and demand strict proof of said allegations.

## JURISDICTION AND VENUE

33. Defendants Bullseye Records, Inc. and Robert B. Currington admit the allegations in paragraph 33 of the Complaint.

34. Defendants Bullseye Records, Inc. and Robert B. Currington admit the allegations in paragraph 34 of the Complaint.

35. Defendants Bullseye Records, Inc. and Robert B. Currington admit the allegations in paragraph 35 of the Complaint.

36. Defendants Bullseye Records, Inc. and Robert B. Currington admit the allegations in paragraph 36 of the Complaint.

**WHEREFORE**, the Defendants Bullseye Records, Inc. and Robert B. Currington, demand judgment against the Plaintiff as follows:

    A.    Dismissing paragraphs one (1) through thirty-six (36) of the Plaintiff's Complaint.

    B.    Fees and court costs.

    C.    Any other relief that the Court deems just and equitable.

**FIRST COUNT**
**(Breach of Contract)**

37.    Defendants Bullseye Records, Inc. and Robert B. Currington reassert and reaffirm each and every defense set forth in paragraphs 1 - 36 as if fully set forth at length herein.

38.    Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 38 of the Complaint and demand strict proof of said allegations.

39.    Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 39 of the Complaint and demand strict proof of said allegations.

40.    Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 40 of the Complaint and demand strict proof of said allegations.

41.    Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 41 of the Complaint and demand strict proof of said allegations.

42.    Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 42 of the Complaint and demand strict proof of said allegations.

43.    Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 43 of the Complaint and demand strict proof of said allegations.

44.    Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 44 of the Complaint and demand strict proof of said allegations.

**WHEREFORE**, the Defendants Bullseye Records, Inc. and Robert B. Currington, demand judgment against the Plaintiff as follows:

    A.    Dismissing paragraphs one (1) through forty-four (44) of the Plaintiff's Complaint.

    B.    Fees and court costs.

    C.    Any other relief that the Court deems just and equitable.

## SECOND COUNT
### (Copyright Infringement)

45. Defendants Bullseye Records, Inc. and Robert B. Currington reassert and reaffirm each and every defense set forth in paragraphs 1 - 44 as if fully set forth at length herein.

46. Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 46 of the Complaint and demand strict proof of said allegations.

47. Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 47 of the Complaint and demand strict proof of said allegations.

48. Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 48 of the Complaint and demand strict proof of said allegations.

49. Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 49 of the Complaint and demand strict proof of said allegations.

50. Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 50 of the Complaint and demand strict proof of said allegations.

51. Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 51 of the Complaint and demand strict proof of said allegations.

52. Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 52 of the Complaint and demand strict proof of said allegations.

**WHEREFORE**, the Defendants Bullseye Records, Inc. and Robert B. Currington, demand judgment against the Plaintiff as follows:

A. Dismissing paragraphs one (1) through fifty-two (52) of the Plaintiff's Complaint.

B. Fees and court costs.

C. Any other relief that the Court deems just and equitable.

## THIRD COUNT
### (False Light)

53. Defendants Bullseye Records, Inc. and Robert B. Currington reassert and reaffirm each and every defense set forth in paragraphs 1 - 52 as if fully set forth at length herein.

54. Defendants Bullseye Records, Inc. and Robert B. Currington are without sufficient knowledge to admit or deny the allegations in paragraph 54 of the Complaint and leave Plaintiff to his/her proofs.

55. Defendants Bullseye Records, Inc. and Robert B. Currington are without sufficient knowledge to admit or deny the allegations in paragraph 55 of the Complaint and leave Plaintiff to his/her proofs.

56. Defendants Bullseye Records, Inc. and Robert B. Currington are without sufficient knowledge to admit or deny the allegations in paragraph 56 of the Complaint and leave Plaintiff to his/her proofs.

57. Defendants Bullseye Records, Inc. and Robert B. Currington are without sufficient knowledge to admit or deny the allegations in paragraph 57 of the Complaint and leave Plaintiff to his/her proofs.

58. Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 58 of the Complaint and demand strict proof of said allegations.

59. Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 59 of the Complaint and demand strict proof of said allegations.

**WHEREFORE**, the Defendants Bullseye Records, Inc. and Robert B. Currington, demand judgment against the Plaintiff as follows:

A. Dismissing paragraphs one (1) through fifty-nine (59) of the Plaintiff's Complaint.

B. Fees and court costs.

C. Any other relief that the Court deems just and equitable.

### FORTH COUNT
(Violation of Right of Publicity)

60. Defendants Bullseye Records, Inc. and Robert B. Currington reassert and reaffirm each and every defense set forth in paragraphs 1 - 60 as if fully set forth at length herein.

61. Defendants Bullseye Records, Inc. and Robert B. Currington are without sufficient knowledge to admit or deny the allegations in paragraph 61 of the Complaint and leave Plaintiff to his/her proofs.

62. Defendants Bullseye Records, Inc. and Robert B. Currington are without sufficient knowledge to admit or deny the allegations in paragraph 62 of the Complaint and leave Plaintiff to his/her proofs.

63.     Defendants Bullseye Records, Inc. and Robert B. Currington are without sufficient knowledge to admit or deny the allegations in paragraph 63 of the Complaint and leave Plaintiff to his/her proofs.

64.     Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 64 of the Complaint and demand strict proof of said allegations.

65.     Defendants Bullseye Records, Inc. and Robert B. Currington denies the allegations in paragraph 65 of the Complaint and demand strict proof of said allegations.

WHEREFORE, the Defendants Bullseye Records, Inc. and Robert B. Currington, demand judgment against the Plaintiff as follows:

A.     Dismissing paragraphs one (1) through sixty-five (65) of the Plaintiff's Complaint.

B.     Fees and court costs.

C.     Any other relief that the Court deems just and equitable.

Respectfully submitted by,

ROBERT B. CURRINGTON
President of Bullseye Records
Pro Se